**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| In re: | ) | |
|     William F. Judson, | ) | Chapter 7 |
| | ) | Case No. 07-10046 |
|               Debtor | ) | |

**MEMORANDUM OF DECISION**

The debtor, William Judson, seeks to avoid an undisputed pre-bankruptcy judgment lien held by Jeannie VanDeventer on his truck under 11 U.S.C. § 522(f) because it impairs his exemptions.[1] The only point of contention is the date of valuation for avoidance purposes. Their dispute is meaningful because the debtor added a replacement engine to the truck after filing bankruptcy, thereby increasing its value. If the debtor is correct and the date of valuation for determining the extent of lien impairment is the petition date, the lesser value of the truck with the old engine will apply and the lien will be avoided in its entirety. If VanDeventer is correct and value is to be determined as of the post-filing date of valuation, the value of the truck will reflect the installation of the replacement engine and she will retain some portion of her lien.

The debtor will prevail. The value of property for determining impairment of a judgment lien under section 522(f) is the date of filing of the bankruptcy petition. For that reason the judgment lien will be avoided in its entirety.

**Background**

The debtor purchased the truck, a 1997 Peterbilt, Model 379, in early 2005 for $42,000. It then had about 465,000 miles on the odometer. He used the truck to haul goods throughout the continental United States. On or about December 26, 2006, VanDeventer obtained a judgment lien under state law. On January 30, 2007, the debtor filed a petition for relief under Chapter 7.

---

[1] Unless otherwise indicated, all statutory sections are to the bankruptcy reform Act of 1978 ("Bankruptcy Code" or "Code"), as amended, 11 U.S.C.§ 101 *et seq.*

The debtor's bankruptcy schedules show the truck as having 1,093,000 miles on it at the time of bankruptcy and a value of $12,000.  VanDeventer's interest in the truck is disclosed on the schedules as a judicial lien in the amount of $96,002.[2]  The validity and amount of her claim are undisputed for present purposes.  The debtor's claim of exemptions on the truck totaling $15,800 is undisputed.[3]

After bankruptcy, the debtor continued to use the truck on long hauls throughout the country.  In early April of 2007, the truck's engine became inoperable.  To keep the truck on the road, the debtor had a replacement engine installed at a cost of about $27,000.  The cost of replacement was paid by the debtor's son under some sort of post-bankruptcy financing arrangement.  The details of that arrangement are not in evidence and it is of no concern to the parties in the present dispute.

## Disputed Evidence of Value

Each side provided testimony on the value of the truck at the hearing.  The debtor said that its value with the replacement engine would be in the range of $20,000 to $25,000.  His expert said that on the filing date the truck had a wholesale value of $10,000 and a retail value of $15,000.  The same expert said that with the new engine the truck had a wholesale value of

---

[2] The parties agree that the only secured claim on the truck is VanDeventer's judgment lien.  The schedules show Apex Capital Corp. as the holder of a unliquidated secured claim with a zero balance due.  That claim is of no consequence in this dispute.

[3] Maine has opted out of the federal bankruptcy exemptions.  See 14 M.R.S.A. 4426.  So, under section 522(b)(1) and (2) the exemptions available to a debtor filing bankruptcy in Maine are governed by Maine law.  See In re Connors, 348 B.R. 1, 3 (Bankr. D. Me. 2006).  The exemptions claimed by the debtor include the motor vehicle exemption in the amount of $5000 under 14 M.R.S.A. § 4422(2), the tools of the trade exemption in the amount of $5000 under 14 M.R.S.A. § 4422(5), and an unused residence exemption in the amount of $5800 under 14 M.R.S.A. § 4422(16).  This last exemption was originally stated in the amount of $2000 and later enlarged by amendment.

2

$25,000 and a retail value of $35,000.

VanDeventer's expert said that the value of the truck on the filing date was between $12,000 and $14,000. With the new engine, her expert said that the truck would be worth $29,500.

## Discussion

Section 522(f) permits a debtor to avoid a judicial lien to the extent it impairs an exemption:

> Notwithstanding any waiver of exemptions . . . , the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is . . . a judicial lien . . . .

11 U.S.C. § 522(f)(1). A lien is a "charge against or interest in property to secure payment of a debt or performance of an obligation . . .". 11 U.S.C.§ 101(37). A judicial lien is a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding . . .". 11 U.S.C.§ 101(36). The parties agree that VanDeventer's judgment lien is a judicial lien.

A judicial lien impairs an exemption:

> to the extent that the sum of – (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C.§ 522(f)(2)(A). In this instance, the sum of the lien, all other liens, and the exemptions is $111,800.[4] Therefore, impairment will exist to the extent that $111,800 exceeds the value of the debtor's interest in the truck in the absence of VanDeventer's lien.

Although they reach different conclusions on the timing of valuation, both parties agree

---

[4] $96,000 + $0 + $15,800 = $111,800.

3

that the governing Code provision on value is section 506(a)(2).[5]  But, while that provision would command a determination of secured status, it does not control a determination of impairment under section 522(f).  Section 522 contains its own definition of value.  It states:

> (a) In this section – (2) "value" means the fair market value as of the date of the filing of the petition or, with respect to property that becomes property of the estate after such date, as of the date such property becomes property of the estate.

11 U.S.C. § 522(a)(2).

The rules of statutory interpretation give precedence to specific language over general language.  See U. S. v. Yellin (In re Weinstein), 272 F.3d 39, 43 (1st Cir. 2001).  Therefore, section 522(a)(2) will control the outcome in this case.  Under section 522(a)(2), value is determined as of the petition date.  See Wilding v. Citifinancial Consumer Fin. Serv., Inc. (In re Wilding), 475 F.3d 428, 432 (1st Cir. 2007)("We think the petition date is the operative date for determining the various § 522(f) calculations."); In re Barrett, 370 B.R. 1, 3 (Bankr. D. Me. 2007).

The highest petition date value proffered at the hearing is the $15,000 retail value given by the debtor's expert.  If we take that value to be the fair market value on the date of filing, the extent of impairment would be $96,800, an amount greater than VanDeventer's lien claim on the

---

[5] Section 506(a)(2) provides:

If the debtor is an individual in a case under chapter 7 or 13, such value with respect to personal property securing an allowed claim shall be determined based on the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing.  With respect to property acquired for personal, family or household purposes, replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined.

4

date of filing.[6] On that basis, her lien would be avoided in its entirety; and, because there is no higher suggestion of value as of the filing date, there is no need to determine the actual fair market value of the truck.

The acquisition of the replacement engine by the debtor after bankruptcy does not alter the outcome. A bankruptcy estate includes interests in property of a debtor at the time a case is commenced and interests in property that may be acquired by such an estate after bankruptcy. See 11 U.S.C. § 541(a)(1) - (7). But, in a Chapter 7 case, with exceptions not applicable here, an estate would not include property acquired by a debtor after bankruptcy. See 5 Collier on Bankruptcy, ¶ 541.03 (15th Ed. 2007). There is nothing in the record indicating that the replacement engine was acquired by the estate or that it became property of the estate. It was acquired by the debtor, himself, with financing by his son after the commencement of the case. Thus, it had no effect on the date of valuation under section 522(a)(2) or on the fair market value of the truck with respect to impairment.

## Conclusion

The fair market value of the debtor's truck, as of the petition date, was no more than $15,000. The debtor's exemptions exceed that value. Therefore, VanDeventer's judgment lien will be avoided in its entirety. A separate order will issue.

DATED: November 15, 2007

_____
Louis H. Kornreich, Chief Judge
United States Bankruptcy Court

---

[6] $111,800 - $15,000 = $96,800.

5